UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

NATALIA MARTIN AND EDGARDO RAMOS,
Individually and as Assignees of Hugh Ireland

        Plaintiffs,      **NOTICE OF REMOVAL**

  -vs-             Civil No.:_____

INTEGON NATIONAL INSURANCE    **JURY TRIAL DEMANDED**
COMPANY

         Defendant.

---

  PLEASE TAKE NOTICE that Defendant, *INTEGON NATIONAL INSURANCE COMPANY* ("Integon") hereby files this Notice of Removal of the above-referenced action, with full reservation of all defenses, from the Superior Court of the State of Connecticut, Judicial District of Stamford/Norwalk, to the United States District Court, District of Connecticut, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

  In support of removal to this Court and with full reservation of any and all defenses, INTEGON respectfully states as follows:

### PLAINTIFF'S COMPLANT AND NATURE OF THE ACTION

  1.  On or about May 2, 2022, Plaintiffs, Natalia Martin and Edgardo Ramos, Individually and as Assignees of Hugh Ireland, filed this action in the Superior Court of Connecticut, Judicial District of Stamford/Norwalk, Docket No. FST-CV22-6056550-S, against INTEGON. A copy of Plaintiffs' Complaint is attached hereto as **Exhibit A**.

2.    The action arises out of an incident in which the plaintiff, Ms. Martin, sustained bodily injury allegedly caused by the negligent operation of a motor vehicle, while the INTEGON Policy was in effect, on about August 1, 2019. *See* **Exhibit A** at ¶ 4.

3.    In the Complaint, plaintiffs bring the first count against INTEGON pursuant to Conn. Gen. Stats. § 38a-321 to recover the amount of an unpaid Judgment rendered in their favor against an INTEGON insured. *See Id.* ¶ 3. The Second count of the complaint further alleges that the insured has sustained financial damages as a result of INTEGON's refusal to provide coverage. *See Id.* ¶¶ 39-41.

4.    No further proceedings as against INTEGON involving this dispute are pending in the Superior Court of Connecticut, Judicial District of Stamford/Norwalk, as of the date of the filing of this Notice of Removal.

## DIVERSITY JURISDICTION IS PROPER

5.    This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332. The plaintiffs' Complaint alleges a matter in controversy exceeding the sum or value of $75,000, exclusive of interest and costs, and complete diversity of citizenship exists between plaintiffs and INTEGON.

## COMPLETE DIVERSITY EXISTS

6.    The plaintiffs are residents and citizens of the State of Connecticut.

7.    INTEGON is diverse to the plaintiffs. A corporation is deemed to be a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

8.    INTEGON is an insurance company organized and existing under the laws of the State of North Carolina where it is domiciled, with its principal place of business in North Carolina.

9.      Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

**THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

10.     The amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

11.     Where removal of civil action is sought on the basis of diversity jurisdiction:

> The sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a monetary judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the a mount demanded; and removal of the action is proper on the basis of an amount in controversy asserted . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000.

28 U.S.C. § 1146(c)(2).

12.     It is apparent from the face of the Complaint that the amount in controversy requirement is satisfied. Plaintiff alleges that she has sustained "permanent injury, disability, scarring and disfigurement, including permanent cognitive impairment . . . limited mobility and range of motion in her neck; decreased muscle mass; constant pain in her neck, arms and shoulders; memory lapses; and post traumatic stress and severe emotional injury". *See* **Exhibit A** at ¶ 19. Plaintiff also alleges that she has incurred medical expenses in excess of $1,000,000 and will continue to incur substantial medical expenses due to her alleged injuries. *See Id.* at ¶ 20.

13.     The Superior Court for the Judicial District of Stamford/Norwalk entered a judgment in favor of the plaintiff, Natalia Martin, in the underlying state court action in the amount of $4.5 million and in favor of the plaintiff, Edgardo Ramos, in the amount of $500,000. The plaintiffs allege that INTEGON is liable to plaintiffs for the amount owing to them on the unsatisfied judgment. *See* **Exhibit A** ¶¶ 36-38.

14.    Given the totality of these factors and the damages alleged in the plaintiffs' complaint, this action fulfills the amount in controversy requirement.

## REMOVAL IS TIMELY

15.    Pursuant to 28 U.S.C § 1446(b), which provides that a Notice of Removal shall be filed within thirty (30) days after receipt by defendant, by service or otherwise, of the initial pleading or of an amended pleading, motion, or order or other paper from which it may be first ascertained that the case is one which is or has become removable, this Notice of Removal is timely filed.

16.    Plaintiff's Complaint was served on INTEGON on May 4, 2022. Removal is thus timely. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (holding that the thirty-day time period under removal statute begins to run from the date of formal service).

## NOTICE, PLEADINGS, AND PROCESS

17.    Pursuant to 28 U.S.C. § 1446, a copy of this Notice of Removal is being filed with the Superior Court of Connecticut, Judicial District of Stamford/Norwalk. Pursuant to the Local Rules of Civil Procedure, Standing Order on Removed Cases, attached as **Exhibit B** is a Notice of Pending Motions.

## VENUE IS PROPER

18.    The United States District Court for the District of Connecticut includes the Judicial District of Stamford/Norwalk, the Judicial District in which the state court action is pending and thus, pursuant to 28 U.S.C. § 124(b)(2), venue is proper.

## RESERVATION OF RIGHTS AND DEFENSES

19.    INTEGON reserves all defenses, including, without limitation, the defense of lack of personal jurisdiction.

20.    INTEGON reserves the right to amend or supplement this Notice of Removal.

21.    INTEGON requests trial by jury on all issues.

WHEREFORE, INTEGON removes the action now pending in the Superior Court of Connecticut, Judicial District of Stamford/Norwalk.

DATED:    Melville, New York

June 2, 2022

HURWITZ & FINE, P.C.

Lee Siegel, Esq.
*Attorneys for Defendant*
INTEGON NATIONAL INSURANCE
COMPANY
575 Broadhollow Road
Melville, New York 11747
(631) 465-0700
lss@hurwitzfine.com

TO:    David S. Golub
Silver Golub & Teitell LLP
Attorney for Plaintiffs,
Natalia Martin and Edgardo Ramos
One Landmark Square, 15th Floor
Stamford, CT 06901
(203) 325-4491
dgolub@sgtlaw.com

5