UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

NATALIA MARTIN AND EDGARDO RAMOS,
Individually and as Assignees of Hugh Ireland

                         Plaintiffs,          **ANSWER AND AFFIRMATIVE DEFENSES WITH COUNTERCLAIM**

        -vs-                            Civil No.: 3:22-cv-00736-CSH

INTEGON NATIONAL INSURANCE
COMPANY

                         Defendant.

_____

Defendant, Integon National Insurance Company ("Integon"), by and through its attorneys, Hurwitz Fine, P.C., in response to the Complaint of Natalia Martin and Edgardo Ramos, Individually and as Assignees of Hugh Ireland ("Plaintiffs"), state the following:

**FIRST COUNT**

1. As to Paragraph 1, Defendant lacks knowledge or information sufficient to form a belief regarding the allegations contained in said paragraph.

2. Paragraph 2 is admitted.

3. Paragraph 3 is denied.

4. As to Paragraph 4, Defendant lacks knowledge or information sufficient to form a belief regarding the allegations contained in said paragraph.

5. Paragraph 5 is denied in the form alleged and all questions of law and contract are referred to this Honorable Court.

6.  As to Paragraph 6, Defendant lacks knowledge or information sufficient to form a belief regarding the allegations contained in said paragraph.

7.  Paragraph 7 is denied.

8.  As to Paragraph 8, Defendant lacks knowledge or information sufficient to form a belief regarding the allegations contained in said paragraph.

9.  As to Paragraph 9, Defendant lacks knowledge or information sufficient to form a belief regarding the allegations contained in said paragraph.

10. As to Paragraph 10, Defendant lacks knowledge or information sufficient to form a belief regarding the allegations contained in said paragraph.

11. As to Paragraph 11, Defendant lacks knowledge or information sufficient to form a belief regarding the allegations contained in said paragraph.

12. As to Paragraph 12, Defendant lacks knowledge or information sufficient to form a belief regarding the allegations contained in said paragraph.

13. As to Paragraph 13, Defendant lacks knowledge or information sufficient to form a belief regarding the allegations contained in said paragraph.

14. As to Paragraph 14, Defendant lacks knowledge or information sufficient to form a belief regarding the allegations contained in said paragraph.

15. As to Paragraph 15, Defendant lacks knowledge or information sufficient to form a belief regarding the allegations contained in said paragraph.

16. As to Paragraph 16, Defendant lacks knowledge or information sufficient to form a belief regarding the allegations contained in said paragraph.

17. As to Paragraph 17, Defendant lacks knowledge or information sufficient to form a belief regarding the allegations contained in said paragraph.

18. As to Paragraph 18, Defendant lacks knowledge or information sufficient to form a belief regarding the allegations contained in said paragraph.

19. As to Paragraph 19, Defendant lacks knowledge or information sufficient to form a belief regarding the allegations contained in said paragraph.

20. As to Paragraph 20, Defendant lacks knowledge or information sufficient to form a belief regarding the allegations contained in said paragraph.

21. As to Paragraph 21, Defendant lacks knowledge or information sufficient to form a belief regarding the allegations contained in said paragraph.

22. As to Paragraph 22, Defendant lacks knowledge or information sufficient to form a belief regarding the allegations contained in said paragraph.

23. As to Paragraph 23, Defendant lacks knowledge or information sufficient to form a belief regarding the allegations contained in said paragraph.

24. As to Paragraph 24, Defendant lacks knowledge or information sufficient to form a belief regarding the allegations contained in said paragraph.

25. As to Paragraph 25, Defendant lacks knowledge or information sufficient to form a belief regarding the allegations contained in said paragraph.

26. As to Paragraph 26, Defendant lacks knowledge or information sufficient to form a belief regarding the allegations contained in said paragraph.

27. As to Paragraph 27, Defendant lacks knowledge or information sufficient to form a belief regarding the allegations contained in said paragraph.

28. As to Paragraph 28, Defendant lacks knowledge or information sufficient to form a belief regarding the allegations contained in said paragraph.

29. Paragraph 29 is denied.

30. As to Paragraph 30, Defendant admits that Integon denied that Hugh Ireland was an insured under the Integon Policy and refused to defend or indemnify him against Plaintiffs' claims, but otherwise denies the allegations contained in said paragraph.

31. A s to Paragraph 31, Defendant denies the allegations in the form alleged and refers this Honorable Court to Integon's coverage correspondence which speaks for itself.

32. As to Paragraph 32, Defendant lacks knowledge or information sufficient to form a belief regarding the allegations contained in said paragraph.

33. Paragraph 33 is denied.

34. Paragraph 34 is denied.

35. Paragraph 35 is denied.

36. Paragraph 36 is denied in so much as the Superior Court docket is sealed and the Defendant is unable to independently verify the allegations in said paragraph.

37. As to Paragraph 37, Defendant lacks knowledge or information sufficient to form a belief regarding the allegations contained in said paragraph.

38. Paragraph 38 is denied.

**SECOND COUNT**

39. Defendant repeats and reiterates its responses to Paragraphs 1, 2 and 4-37 of the First Count as if fully set forth herein.

40. As to Paragraph 39, which Plaintiffs have mistakenly indicated as Paragraph 37, Defendant lacks knowledge or information sufficient to form a belief regarding the allegations contained in said paragraph.

41. As to Paragraph 40, which Plaintiffs have mistakenly indicated as Paragraph 38, Defendant admits that Plaintiffs, according to the instant pleading, brought this action

against Integon as assignees of Hugh Ireland's claims, but otherwise denies the

allegations contained in said paragraph.

42. Paragraph 41, which Plaintiffs have mistakenly indicated as Paragraph 39, is denied.

43. Paragraph 42, which Plaintiffs have mistakenly indicated as Paragraph 40, is denied.

44. Paragraph 43, which Plaintiffs have mistakenly indicated as Paragraph 41, is denied.

45. Paragraph 44, which Plaintiffs have mistakenly indicated as Paragraph 42, is denied.

<u>**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**</u>

46. The subject policy of insurance, a copy of which is attached as **Exhibit A**, policy form PP

00 01 06 98, Personal Auto Policy, Part A – Liability Coverage, provides in pertinent

part:

> **INSURING AGREEMENT**
>
> **A. We will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident. Damages include prejudgment interest awarded against the "insured". We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted by payment of judgments or settlements. We have no duty to defend any suit or settle any claim for "bodily injury" or "property damage" not covered under this policy.**
>
> **B. "Insured" as used in this Part means:**
> > **1. You or any "family member" for the ownership, maintenance or use of any auto or "trailer.**
> > **2. Any person using "your covered auto"**

47. The subject policy of insurance, policy form PP 00 01 06 98, Personal Auto Policy,

Definitions, provide in pertinent part:

> **DEFINITIONS**

5

**A. Throughout this policy, "you" and "your" refer to:**
    **1. The "named insured" shown in the Declarations; and**
    **2. The spouse if a resident of the same household.**

**B. "We", "us" and 'our" refer to the Company providing insurance.**

**D. "Bodily injury" means bodily harm, sickness or disease, including death that results.**

**F. "Family Member" means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child.**

48. Upon information and belief, Plaintiffs are precluded from coverage under the subject policy as Hugh Ireland was not an "insured", because he was not a "family member" of the named insureds as defined by the policy.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

49. The subject policy of insurance, policy form PP 00 01 06 98, Personal Auto Policy, Definitions, provide in pertinent part:

**DEFINITIONS**

**H. "Property damage" means physical injury to, destruction of or loss of use of tangible property.**

**J. "Your covered auto" means:**
    **1. Any vehicle shown in the Declarations.**
    **2. A "newly acquired auto".**
    **3. Any "trailer" you own.**
    **4. Any auto or "trailer" you do not own while used as a temporary Substitute for any other vehicle described in this definition which is out of normal use because of its:**
        **a. Breakdown;**
        **b. Repair;**
        **c. Servicing;**
        **d. Loss; or**
        **e. Destruction.**
        **This provision (J.4) does not apply to Coverage For Damage To Your Auto.**

6

**K. "Newly acquired auto":**
    **1. "Newly acquired auto" means any of the following types of vehicles you become the owner of during the policy period:**
        **a. A private passenger auto;**

50. Upon information and belief, Plaintiffs are precluded from coverage under the subject policy as the vehicle involved in the accident was not a "covered auto" on the date of the loss.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

51. Coverage is precluded under the subject policy of insurance for, among other things, any one or more reasons set forth in Integon's coverage denial letter dated February 12, 2021, which is incorporated by reference and a copy of which is attached hereto as **Exhibit B**.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

52. Plaintiffs are not entitled to coverage under the subject insurance policy pursuant to the terms, limitations, provisions, exclusions, and conditions set forth therein, which are incorporated by reference as if fully set forth herein.

## AS AND FOR A FIFTH AFFIRMTIVE DEFENSE

53. To the extent coverage is available, which Integon denies, Plaintiffs' potential recovery is restricted by the terms, limitations, provisions, exclusions, and conditions set forth in the subject insurance policy, which are incorporated by reference as if fully set forth herein.

## BY WAY OF COUNTERCLAIM AGAINST THE PLAINTIFFS

54. Defendant repeats and realleges its answers to each and every answer to the complaint with the same force and effect as if fully set forth herein.

55. By virtue of the terms of the subject policy of insurance, Integon has neither an obligation to defend nor indemnify Hugh Ireland against Plaintiff's claims arising from the August 1, 2019 collision.

56. By virtue of the terms of the subject policy of insurance, no coverage is available to Hugh Ireland for Plaintiffs' claims, as Plaintiffs did not sustain a "bodily injury" arising out of the ownership, maintenance or use of a "covered auto" or the ownership, maintenance or use of any auto by an "insured".

WHEREFORE, Defendant, Integon National Insurance Company, respectfully requests judgment by Order of this Court against all defendants:

(1)     Dismissing the complaint herein; or

(2)     Declaring that Integon has no obligation to defend and/or indemnify Hugh Ireland for Plaintiff's claims against him as a result of the August 1, 2019 collision, including all claims arising in any way of the Judgment;

(3)     Declaring that there is no coverage available for Hugh Ireland in connection with Plaintiff's claims against him as a result of the August 1, 2019 collision, including all claims arising in any way of the Judgment;

(4)     Declaring that Plaintiffs are not entitled to recover from Integon any damages sustained by Hugh Ireland, including all claims arising in any way of the Judgment;

(5)     Limiting any coverage under the subject policy pursuant to the terms and provisions of the subject policy of insurance;

(6)     Awarding statutory interest, reasonable attorney's fees and costs of suit incurred in bringing this action; and

(7)     Granting any further relief which the Court deems to be just and equitable.

Defendant reserves the right to assert any additional affirmative defenses which discovery

reveals to be appropriate.


DATED:       Melville, New York
             July 6, 2022

                                          HURWITZ FINE, P.C.

                                          _____

                                          Lee Siegel, Esq.
                                          *Attorneys for Defendant*
                                          INTEGON NATIONAL INSURANCE
                                          COMPANY
                                          575 Broadhollow Road
                                          Melville, New York 11747
                                          (631) 465-0700